IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DEMISON, III | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-47 |
| JUSTIN D. TRIMBEL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Demison, III, an inmate formerly confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff claims Defendant Justin D. Trimbel used excessive force against him on March 29, 2020. Plaintiff states that Defendant Trimbel failed to obey the established prison standards for the use of force and repeatedly struck him in the head with a riot baton. According to Plaintiff, the excessive force began after he was properly restrained following a five-man use of force and after a weapon had been taken from him. Plaintiff claims he suffered a concussion and had to receive twenty staples in five different areas on the back of his head as a result of the Defendant's actions.

The Defendant's Motion

Defendant Trimbel has filed a Motion for Summary Judgment limited to the exhaustion of administrative remedies. (Doc. #53.) The Defendant asserts there is no material fact that Plaintiff

failed exhaust administrative remedies regarding the claims which form the basis of this lawsuit. Accordingly, the Defendant claims the action should be dismissed. Plaintiff has filed a Response to the Motion. (Doc. #54.) Accordingly, the matter is now ripe for consideration.

<u>Standard of Review</u>

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

*Exhaustion*

Here, the Defendant moves for summary judgment regarding Plaintiff's claims against him because Plaintiff did not properly exhaust his allegations through both steps of the TDCJ-CID grievance procedure in accordance with the applicable grievance rules prior to filing this lawsuit.

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The prisoner must pursue the grievance through both steps of the procedure for his claims to be considered exhausted. *Id.* The formal grievance procedure available for inmates confined in

TDCJ-CID take approximately ninety days to exhaust and are outlined in the Offender Orientation Handbook.  *See* https://tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf.

The first step in the formal grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator.  The Step 1 grievance must be submitted within 15 days from the date of the alleged incident.  Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form for prison officials to respond or 45 days for medical grievances.

The second step in the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator.  A Step 2 grievance must be submitted within 15 days from the date the Step 1 grievance is returned to the offender.  The Step 2 process may take up to 40 days for prison officials to provide a written response or 45 days for medical grievances.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit.  *See Johnson*, 385 F.3d at 516-17.  "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at

4

least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

In accordance with the TDCJ Grievance Procedures, grievances that do not comply with the grievance rules may be returned to the inmate unprocessed. *See* Grievance Procedures for Offenders (Doc. #53-2 at 5.) The grievance may then be corrected and resubmitted within 15 days from the "Date Returned to the Offender" date on the back of the grievance form on the returned grievance. *Id.* A grievance is "inappropriate" if it asks for monetary damages or any form of disciplinary action against staff. *Id.* at 6.

The competent summary judgment evidence in this case shows that there is no genuine issue of material fact that Plaintiff failed to properly exhaust the available grievance procedure by submitting sufficiently detailed grievances in a procedurally correct manner through all steps of the grievance procedure prior to filing this action. Petitioner filed four Step 1 grievances concerning the March 29, 2020 use of force by Defendant Trimbel. The first Step 1 grievance, #2020099490, filed April 2, 2020, was returned unprocessed because it did not comply with the grievance rules and was deemed inappropriate. (Doc. #53-1 at 55-56.) A review of the grievance reveals Plaintiff requested disciplinary action against staff in violation of the grievance procedures. (Doc. #53-1 at 56.) The grievance could have been returned, corrected, within fifteen days from April 3, 2020, but the grievance was not returned within that period.

Next, Plaintiff submitted Step 1 grievance #2020100918, filed April 6, 2020. This grievance was returned unprocessed because it did not comply with the grievance rules and was deemed inappropriate. (Doc. #53-1 at 14-15.) A review of the grievance reveals Plaintiff again requested disciplinary action against staff in violation the grievance procedures. (Doc. #53-1 at 15.) The

grievance could have been corrected within fifteen days from April 6, 2020, but the grievance was not returned within that period.

Plaintiff made corrections as provided by the rules and resubmitted grievance #s 2020099490 and 2020100918 as a new grievance which was assigned grievance #2020113764, filed on April 30, 2020. (Doc. #53-1 at 18-19.) This grievance, however, was returned to Plaintiff the same date unprocessed because the grievable time had expired. *Id.*

Next, on May 1, 2020, Plaintiff submitted Step 1 grievance #2020114318; however, this grievance was also returned unprocessed because the grievable time had expired. (Doc. #53-1 at 20-21.) Plaintiff filed no Step 2 grievances concerning the claims which form the basis of this lawsuit.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

Here, the competent summary judgment evidence shows that Plaintiff did not properly pursue his claims through all steps of the grievance process in a procedurally correct manner prior to filing his complaint. Accordingly, because Plaintiff failed to properly exhaust the available administrative remedies as required by 42 U.S.C. § 1997e, the Defendants' Motion for Summary Judgment should be granted.

## Recommendation

The Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Complaint should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 26th day of September, 2023.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE